Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER SOSA, an individual, | ) Case No.: |
| Plaintiffs, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| CROWNING POINT SOLUTIONS, LLC, a limited liability company; and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for invasion of privacy.

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff JENNIFER SOSA is a natural person residing in the state of California, County of Sacramento.

4. Defendant CROWNING POINT SOLUTIONS, LLC ("Defendant") at all times relevant was a limited liability company in the business of collecting debts in Sacramento County, California operating from an address at 266 Elmwood Avenue, Buffalo, NY 14222.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).
//

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, Defendant Crowning Point Solutions, LLC acquired information regarding an alleged debt (the "DEBT") that Plaintiff had incurred.

13. Within the year prior to the filing of this action, Defendant began calling Plaintiff in an attempt to collect the Debt.

14. Defendant called Plaintiff and her family members in an attempt to collect the DEBT.

15. Defendant contacted and left voicemails with Plaintiff's mother, brother, and ex-husband in an attempt to collect the DEBT.

16. Defendant disclosed details regarding the DEBT to members of Plaintiff's family.

17. Defendant's representative informed Plaintiff and her family members that "fraudulent activity" had taken place associated with her alleged account.

18. Defendant's representative informed Plaintiff and her family members that if Plaintiff did not pay the alleged money owed she would be sued within ten (10) days.

19. Defendant's threats could not be legally taken.

20. Defendant thus falsely represented the legal status of the DEBT.

21. Defendant misled Plaintiff as to what action might be legally taken against her.

22. Defendant deceptively used the threats in attempting to collect on the DEBT.

23. As a result of the acts alleged above, Plaintiffs suffered from worry, frustration, and emotional distress.

## V. FIRST CAUSE OF ACTION

### (Against all Defendants for Violation of the FDCPA)

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff.

    (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

    (d) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (e) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the alleged debt;

    (f) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (g) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (h) The Defendants violated 15 U.S.C. § 1692e(10) by using a false

representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(i) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(j) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

(k) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication;

(l) The Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to include in the validation notice a statement that if the Plaintiff does not dispute the debt within thirty days then the debt will be assumed to be valid; and

(m) The Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to include in the validation notice a statement that if the Plaintiff notifies the Defendants in writing within the thirty-day period that the debt is disputed, the Defendants will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendants;

26. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CAUSE OF ACTION

(**Against all Defendants for Violation of the Rosenthal Act**)

27. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.17 by failing to

comply with the FDCPA as alleged above.

(b) The Defendants violated California Civil Code § 1812.700 by failing to provide the notice required by this section.

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

31. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CAUSE OF ACTION

### (Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs & Public Disclosure of Private Facts)

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

34. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a debt which included disclosing details about the Debt to third parties.

35. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

36. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

37. Defendants acted with oppression and/or or malice. Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: November 25, 2015              _s/ Jeremy S. Golden_____
                                     Jeremy S. Golden
                                     Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 25, 2015              _s/ Jeremy S. Golden_____
                                     Jeremy S. Golden
                                     Attorney for Plaintiff