UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JENNIFER SOSA,              | No. 2:15-cv-2458-JAM-EFB        |
|-----------------------------|---------------------------------|
| Plaintiff,                  |                                 |
| v.                          | FINDINGS AND RECOMMENDATIONS    |
| CROWNING POINT SOLUTIONS, LLC, |                              |
| Defendant.                  |                                 |

This matter came before the court on June 8, 2016, for hearing for hearing on plaintiff's motion for default judgment against defendant Crowning Point Solutions, LLC.[1] ECF No. 9. Attorney Cory Teed appeared on behalf of plaintiff;[2] no appearance was made by defendant. For the reasons stated below, it is recommended that plaintiff's application for default judgment be granted.

I.   Background

Plaintiff filed this action against defendant, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, California Civil Code §§ 1788 *et. seq.* ("Rosenthal Act"); and a claim for invasion of privacy. ECF No. 1.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Mr. Reed appeared telephonically.

1

On March 2, 2016, plaintiff filed a proof of service, indicating that Jose Toledo, "Operations Manager-Person authorized to accept service of process," was personally served a copy of the summons and complaint at 7014 13th Avenue, Suite 202, Brooklyn, NY on December 4, 2015.[3] ECF No. 4. Defendant did not file an answer to the complaint or otherwise appear in this action. Plaintiff requested the clerk enter defendant's default (ECF No. 6), which was entered on March 7, 2016 (ECF No. 8). Plaintiff then filed the instant motion, seeking default judgment on her FDCPA and Rosenthal Act claims.[4] ECF No. 9.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*

---

[3] According to the New York Department of State's website, defendant's agent for service of process is United States Corporation Agents, Inc., located at 7014 13th Avenue, Suite 202, Brooklyn, New York, 11228.

[4] Plaintiff's motion does not seek judgement on her invasion of privacy claim. *See generally* ECF No. 9-1. At the June 8 hearing, plaintiff's counsel represented that he would voluntarily dismiss the invasion of privacy claim should the motion for default judgment be granted. In light of the recommendation made herein, the court also recommends that plaintiff's invasion of privacy claim be dismissed without prejudice.

*Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III.  Discussion

    A.  Appropriateness of the Entry of Default Judgment Under the Eitel Factors

        1. Factor 1: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be unable to obtain remedies for defendant's alleged misconduct.

        2. Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficient of the Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are discussed together because of the relatedness of the two inquires. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

Here, plaintiff seeks default judgment on her claims for violation of the FDCPA and California's Rosenthal Act. ECF No. 9. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

3

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  To recover under the FDCPA (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector," and (3) the defendant must have committed some act or omission that violated a provision of the FDCPA.  *See* 15 U.S.C. § 1692a(3)-(6); *Alonso v. Blackstone Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013).

California's Rosenthal Act incorporates by reference provisions of the FDCPA, and a violation of the FDCPA constitutes a violation of the Rosenthal Act.  *See* Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations.").

The complaint alleges that plaintiff is a "consumer" and defendant is a debt collector under the FDCPA.  ECF No. 1 ¶¶ 5, 7.  At an unknown time, defendant acquired information regarding an alleged debt that plaintiff had incurred.  *Id.* ¶ 12.  Defendant called plaintiff and her family members in an attempt to collect the debt, and disclosed details regarding the debt to members of plaintiff's family.  *Id.* ¶¶ 13-16.  The complaint also alleges that defendant's representative falsely stated that there had been "fraudulent activity" associated with plaintiff's account, and that if plaintiff did not pay the amount owed defendant would file suit.  *Id.* ¶¶ 17-21.

These allegations are sufficient to demonstrate violations of the FDCPA.  *See* 15 U.S.C. § 1692b(1) (prohibiting a debt collector from contacting a third-party for any purpose other than to confirm or correct the location of the alleged debtor); 15 U.S.C. § 1692b(2) (prohibiting disclosure to person other than the alleged debtor that the debtor owes any debt); 15 U.S.C. § 1692e(2)(A) (prohibiting false representations about the legal status of any debt); 15 U.S.C. § 1692e(10) (prohibiting the use of false representations or deceptive means to collect a debt). Moreover, because plaintiff states a claim for violation of the FDCPA, she also adequate alleges violations of California's Rosenthal Act.  *See Riggs*, 681 F.3d at 1100.

Accordingly, these factors weigh in favor of entry of default judgment.

/////

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Plaintiff seeks $50,000 in damages. Although this is not a small amount of money, this amount is not enough to outweigh the other *Eitel* factors, which generally weigh in factor of default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Accepting as true the allegations in the complaint, which are supported by the evidence submitted by plaintiff, the likelihood of a dispute is minimal. Accordingly, this factor weighs in favor of granting plaintiff's motion.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

The record reflects that defendant's default was not due to excusable neglect. Defendant's agent for service of process was personally served with a copy of the summons and complaint. *See* ECF No. 4. Despite being properly served, defendant has failed to appear in this action. Accordingly, the court finds that defendant's default is not due to excusable neglect.

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816,

/////

at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, this factor should not preclude entry of default judgment.

Upon weighing the factors articulated in *Eitel*, the court finds that plaintiff is entitled to default judgment on her claims under the FDCPA and Rosenthal Act. The only remaining issue is plaintiff's entitlement to damages.

B. <u>Damages</u>

Plaintiff's motion seeks statutory damages, actual damages, costs and attorney's fees. ECF No. 9-1 at 4-6. Each request is addressed in turn.

1. <u>Statutory Damages</u>

Plaintiff seeks $2,000 in statutory damages for violations of the FDCPA and the Rosenthal Act. ECF No. 9-1 at 4. In addition to actual damages, a prevailing plaintiff may recover up $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). The Rosenthal Act also permits a successful plaintiff to recover up to $1,000 in statutory damages in addition to any actual damages. Cal. Civ. Code § 1788.30(b). "The Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011). Thus, plaintiff may recover statutory damages under both acts.

As indicated above, the allegations in plaintiff's complaint, which must be taken as true, demonstrate several violations of the FDCPA and Rosenthal Act. Furthermore, plaintiff's declaration evidences many improper communications by defendant. Plaintiff asserts that defendant called and left voicemails with her mother, brother, and ex-husband. ECF No. 9-3 ¶¶ 9-13. In these messages, a defendant's representative indicated that there was "fraudulent activity" regarding plaintiff's social security number and that plaintiff needed to contact defendant. *Id*. These messages also disclosed details regarding the alleged debt. *Id*. ¶ 10. These multiple calls to third-parties, which included false representations and details concerning the alleged debt, suggest a complete disregard of the FDCPA's requirements. *See* 15 U.S.C. §§ 1692b(2), 1692e(2)(A), 1692e(10). Therefore, the court finds that the maximum penalty under the FDCPA and Rosenthal Act are appropriate. Accordingly, plaintiff is entitled to statutory damages in the amount of $2,000.

2. <u>Actual Damages</u>

The FDCPA also entitles a prevailing plaintiff to actual damages. 15 U.S.C. § 1692k(a)(1). Actual damages include damages for emotional distress caused by the defendant's unlawful practices. *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982) ("The only actual damages that a plaintiff would be likely to incur [under the FDCPA] would be for emotional distress caused by abusive debt collection practices . . . ."); *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994) (holding that emotional damages may be awarded based only on testimony or appropriate inference from circumstances).

In regards to her emotional distress, plaintiff's declaration provides that the "phone calls and threats made by Defendant caused a great deal of stress and worry for me. Defendant had put a lot of pressure on me. All the worrying caused me anxiety and great stress. The phone calls and threats hung over my head and ultimately led me to pay the amount Defendant's were [sic] asking for." ECF No. 9-3 at 3. Based on this statement, plaintiff seeks $48,000 in actual damages. Plaintiff cites two cases to support her contention that the requested amount is appropriate.

In *Nelson v. Equifax Information Services, LLC*, 522 F. Supp. 2d 1222 (C.D. Cal. 2007), the district court found that the jury did not err in awarding $85,000 in actual damages based on the plaintiff's emotional distress. In that case the plaintiff testified that as the result of the debt collection agency's violations of the FDCPA, which occurred over a period of several months, "she feels stigmatized, has fights with her partner, difficulty sleeping, recurring fear, vomiting, and sick stomach." *Id*. at 1235. Here, all the calls from defendant occurred on a single day and resulted in "anxiety and great stress." ECF No. 9-3 at 2-3. Further, at the hearing plaintiff's counsel confirmed that plaintiff's emotional distress did not necessitate medical treatment. Defendant's conduct in this case is not as egregious as the defendant's conduct in *Nelson*, nor does plaintiff's emotional distress rise to the same level as that experienced by the plaintiff in *Nelson*. Accordingly, *Nelson* does not support plaintiff's request for $48,000 in actual damages.

Plaintiff also notes that "[i]n a recent case in the United States District Court for the Northern District of California, [*Fausto v. Credigy Services Corporation*, 5:07-cv-5658-JW], a

7

1   jury awarded $500,000 against a debt collector who called a debtor 90 times and made false
2   claims. The verdict consisted of $100,000 in actual damages and $400,000 in punitive damages."
3   ECF No. 9-1 at 4. Although plaintiff cites generally to *Fausto*, plaintiff fails to direct the court to
4   any opinion detailing the specific facts underlying the damages award. Thus, there is nothing in
5   the record to compare the facts of this case to those giving rise to the award in *Fausto*.
6   Accordingly, plaintiff has not demonstrated that the emotional distress suffered by the plaintiff in
7   *Fausto* was similar to her distress. Furthermore, plaintiff's evidence indicates that the defendant
8   in this case made only four calls, one to plaintiff and three to third-parties. This limited evidence
9   shows that the instant case is factually distinguishable from *Fausto*, where the defendant
10  purportedly called the plaintiff 90 times.

11         The court's independent review of cases addressing actual damages under the FDCPA
12  demonstrates that plaintiff's request for $48,000 is on the high end of the damages spectrum. *See*
13  *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at * 10 (E.D. Cal. June 26, 2009) (finding that
14  defendant's actions were egregious but recommending that plaintiff's request for $50,000 in
15  damages be reduced to $25,000 because plaintiff was exposed to defendant's actions for a limited
16  period of time); *Esget v. TCM Financial Services, LLC*, 2014 WL 258837, at * 7-8 (E.D. Cal. Jan.
17  23, 2014) (awarding $5,000 for emotional distress where plaintiff sustained stress-related illness
18  requiring treatment by a psychiatrist and neurologist); *Gervais v. O'Connell, Harris & Assoc.,*
19  *Inc.*, 297 F.Supp.2d 435 (D. Conn. 2003) (reducing plaintiff's request for $4,000 in actual
20  damages to $1,500 where the events in question were brief in time, defendant never threatened
21  plaintiff, and plaintiff acknowledged that he did not need the care of a physician as a results of
22  defendant's conduct); *Valero v. Bryant, LaFayette and Associates, LLC*, 2011 WL 1438436, at *6
23  (E.D. Cal Apr. 11, 2011) (awarding $5,000, instead of the requested $15,000, where plaintiff
24  suffered from stress, sleeplessness, anxiety, and disruption in her personal relationship); *Perkons*
25  *v. American Acceptance, LLC.*, 2010 WL 4922916 (D. Ariz. Nov. 29, 2010) (awarding $5,000 in
26  emotional distress damages when the plaintiff suffered stress, anxiety, sleeplessness, depression,
27  and weight gain resulting in a heart condition and migraines).
28  /////

Given that the conduct at issue transpired on a single day and merely caused "anxiety and great stress," the court finds that $6,000 is sufficient to compensate plaintiff for her emotional distress.

### 3. Attorney's Fees

Plaintiff seeks a total of $2,855 in attorney's fees. This figure is based on 3.3 hours of work by attorney Jeremy Golden at a rate of $350 per hour and 8.5 hours of work performed by attorney Cory Teed at $200 per hour. ECF No. 9-2 at 2. Both the FDCPA and the Rosenthal Act authorizes an award of attorney's fees to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). The court's local rules require a party seeking an award of attorney's fees to submit an affidavit addressing certain criteria that the court will consider in determining whether an award of attorney's fees is appropriate. *See* E.D. Cal. L. R. 293(b) and (c). The local rules also provide that "[w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. E.D. Cal. L. R. 292. Pursuant to 28 U.S.C. § 1924, a party claiming any item of cost must submit a bill of costs and attach thereto an affidavit demonstrating that the "item is correct and has been necessarily incurred in the case . . . ."

Although plaintiff's counsel submitted a declaration in support of the request for attorney's fees, it fails to comply with the court's local rules. Specifically, it fails to address the criteria set forth in Local Rule 293(c). Counsel also failed to submit an affidavit addressing all information required by Local Rule 292. Accordingly, plaintiff's request for fees and costs shall be addressed in a motion filed in conformance with Local Rules 292 and 293 and shall contain information sufficient to make a lodestar calculation of a reasonable attorney fee award.

IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 9) be granted;

2. Plaintiff's invasion of privacy claim be dismissed without prejudice;

3. The court enter judgment against defendant in the amount of $8,000 in total damages; and

4. Plaintiff's request for costs and attorney's fees be denied without prejudice to a motion brought under Local Rules 292 and 293.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE